IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>BULL HN INFORMATION SYSTEMS INC., <br><br>      Defendant. | Civil Action File No.<br>1:12-cv-00937-TCB<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT BULL HN INFORMATION SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant, Bull HN Information Systems Inc. ("Bull HN"), admitting only as much as is expressly admitted herein, hereby files it answer, defenses and counterclaims to Plaintiff Acceleron, LLC's ("Acceleron") Complaint ("Complaint"). Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint.

### INTRODUCTION

1. Bull HN admits that Acceleron filed an action purporting to allege patent infringement of U.S. Patent No. 6,948,021 (the "'021 Patent") and seeking damages and injunctive relief in its Complaint. Except as expressly admitted, Bull HN denies the allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Bull HN denies the allegations in paragraph 2 of the Complaint.

3. Bull HN denies the allegations in paragraph 3 of the Complaint.

4. Bull HN denies the allegations in paragraph 4 of the Complaint.

5. Bull HN denies the allegations in paragraph 5 of the Complaint, except Bull HN admits that CT Corporation is an agent for process for Bull HN.

## PARTIES[1]

6. Bull HN lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint, and therefore denies the same.

7. Bull HN lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Complaint, and therefore denies the same.

8. Bull HN denies the allegations in paragraph 8 of the Complaint, except it admits that Bull HN is a Delaware corporation and has a place of business at 285 Billerica Road, Chelmsford, MA  01824.

---

[1] Bull HN repeats the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer.  By doing so, Bull HN makes no admissions regarding the substance of the heading or any other allegations of the Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Bull HN specifically denies all such allegations.

## COUNT ONE:
## INFRINGEMENT OF U.S. PATENT 6,498,021

9. Bull HN incorporates and realleges paragraphs 1-8 of its Answer as if fully set forth herein in response to the allegations contained in paragraph 9 of the Complaint.

10. Bull HN lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11. Bull HN lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12. Bull HN denies the allegations in paragraph 12 of the Complaint, but admits that Bull HN is involved in, *inter alia*, aspects of the information technology and digital technologies industries.

13. Bull HN denies the allegations in paragraph 13 of the Complaint.

14. Bull HN denies the allegations in paragraph 14 of the Complaint.

15. Bull HN denies the allegations in paragraph 15 of the Complaint.

16. Bull HN denies the allegations in paragraph 16 of the Complaint.

17. Bull HN denies the allegations in paragraph 17 of the Complaint.

18. Bull HN denies the allegations in paragraph 18 of the Complaint.

19. Bull HN denies the allegations in paragraph 19 of the Complaint.

## PRAYER FOR RELIEF

Bull HN denies all allegations that Acceleron is entitled to any of the relief requested in its Prayer for Relief, or any other relief.

## DEMAND FOR JURY TRIAL

Bull HN demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

Bull HN alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Bull HN reserves the right to amend its answer, including asserting additional defenses and counterclaims once discovery progresses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Acceleron's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

### SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2. Bull HN does not and has not infringed, either literally or under the doctrine of equivalents, either directly, contributorily, by inducement, or jointly, any valid claim of the '021 Patent.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3. One or more claims of the '021 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4. On information and belief, Acceleron's claims and damages are barred, in whole or in part, by the Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

5. On information and belief, Acceleron's claims are barred in whole or in part under the doctrine of laches, estoppel, waiver, and/or acquiescence.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

6. The doctrine of prosecution history estoppel precludes a finding of infringement, either directly, contributorily, by inducement, or jointly, for any claim of the '021 Patent.

## SEVENTH AFFIRMATIVE DEFENSE
### (Statutory Limitations of Damages)

7. Acceleron's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Costs Unavailable)

8. On information and belief, Acceleron is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## NINTH AFFIRMATIVE DEFENSE
### (Injunctive Relief Unavailable)

9. Acceleron is not entitled to injunctive relief because it fails to meet the legal requirements for such relief, and Acceleron has an adequate remedy at law.

## TENTH AFFIRMATIVE DEFENSE
### (Absence of Liability/Without Authority)

10. On information and belief, Acceleron has granted licenses to the patent-in-suit to one or more third parties and/or otherwise authorized under the patent-in-suit the activity it now claims infringes the patent-in-suit, or has exhausted its patent remedies under 35 U.S.C. § 282.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Bad Faith/Unclean Hands/Unenforceable)

11. On information and belief, Acceleron lacks a good faith, objective basis to believe each of the products it has previously identified as infringing the '021 patent in fact infringe the '021 patent and as such has engaged in unclean hands, patent misuse and bad faith litigation and the '021 patent is unenforceable.

## TWELFTH AFFIRMATIVE DEFENSE
### (Barring Claims Under Section 1498)

12. Acceleron's claims are barred, at least in part, by 28 U.S.C. § 1498. To the extent that Acceleron's claims relate to the sale to and/or use or manufacture by or for the United States government of the allegedly infringing products, Acceleron's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Exceptional Case)

13. Further to the allegations in paragraph 11, this case is an exceptional case and warrants relief to Defendant.

## COUNTERCLAIMS

1. Counterclaimant Bull HN is a Delaware corporation having its principal place of business at 285 Billerica Road, Chelmsford, MA 01824.

2. On information and belief, Counterdefendant Acceleron is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 3350 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims under at least 28 U.S.C. §§ 1331, 1338(a), and 1367 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

4. On information and belief, this Court has personal jurisdiction over Acceleron, at least by reason of filing its Complaint within this District and its continuing presence in this district.

5. Venue for these Counterclaims is proper in this district pursuant to 278 U.S.C. § 1391.

6. Acceleron's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

7. Bull HN does not and has not infringed, either literally or under the doctrine of equivalents, either directly, contributorily, by inducement, or jointly, any valid claim of the '021 Patent.

8. One or more claims of the '021 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.

9. On information and belief, Acceleron's claims and damages are barred, in whole or in part, by the Statute of Limitations.

10. On information and belief, Acceleron's claims are barred in whole or in part under the doctrine of laches, estoppel, waiver, and/or acquiescence.

11. The doctrine of prosecution history estoppel precludes a finding of infringement, either directly, contributorily, by inducement, or jointly, for any claim of the '021 Patent.

12. Acceleron's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

13. On information and belief, Acceleron is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

14. Acceleron is not entitled to injunctive relief because it fails to meet the legal requirements for such relief, and Acceleron has an adequate remedy at law.

15. On information and belief, Acceleron has granted licenses to the patent-in-suit to one or more third parties and/or otherwise authorized under the patent-in-suit the activity it now claims infringes the patent-in-suit, or has exhausted its patent remedies under 35 U.S.C. § 282.

16. On information and belief, Acceleron lacks a good faith, objective basis to believe each of the products it has previously identified as infringing the '021 patent in fact infringe the '021 patent and as such has engaged in unclean hands and bad faith litigation and the '021 patent is unenforceable.

17.     Acceleron's claims are barred, at least in part, by 28 U.S.C. § 1498. To the extent that Acceleron's claims relate to the sale to and/or use or manufacture by or for the United States government of the allegedly infringing products, Acceleron's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

18.     Further to the allegations in paragraph 16 of these Counterclaims, this case is an exceptional case and warrants appropriate relief to Defendant.

## COUNTERCLAIM FOR DECLARATORY RELIEF
## FIRST CLAIM FOR RELIEF: DECLARATION OF NONINFRINGEMENT

19.     Bull HN restates and incorporates by reference each of the allegations of paragraphs 1-18 of the Counterclaims above, as if fully set forth herein.

20.     Based on Acceleron's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to whether Bull HN infringes any claims of the '021 patent.

21.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Bull HN requests a declaration from the Court that its products and/or services do not infringe any claim of the '021 patent, either directly—literally or by equivalents—or indirectly—contributorily, by inducement, or otherwise.

## SECOND CLAIM FOR RELIEF:  DECLARATION OF INVALIDITY

22.     Bull HN restates and incorporates by reference each of the allegations of paragraphs 1-21 of the Counterclaims above, as if fully set forth herein.

23. Based on Acceleron's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the invalidity of the claims of the '021 patent.

24. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Bull HN requests a declaration from the Court that each of the claims of the '021 patent is invalid for failing to comply with the conditions and requirements for patentability set forth in one or more sections of Title 35 of the United States Code, including, but no limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

25. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Bull HN demands a trial by jury of these Counterclaims and this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Bull HN prays that this Court enter judgment in its favor and grant the following relief:

    a.    An order that Acceleron take nothing by its Complaint, and that the same be dismissed with prejudice;

    b.    A declaration that Defendant and Counterclaimant Bull HN do not infringe any claims of the '021 patent;

    c.    A declaration that the '021 patent is invalid;

      d.    An order finding that this case is exceptional and awarding Defendant and Counterclaimant Bull HN its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285; and

      e.    An order awarding any additional relief as the Court may deem appropriate and just under the circumstances.

This 3rd day of May 2012.

Respectfully submitted,

BULL HN INFORMATION SYSTEMS, INC.

By their attorneys,

/s/ Robert M. Ward
Robert M. Ward
Georgia Bar No. 775401
**Dilworth IP, LLC**
3445 Stratford Road NE
Suite 2605
Atlanta, GA 30326
Telephone: (404) 606-6480
Facsimile: (203) 220-8497
E-mail: *rward@dilworthip.com*

Of Counsel:

Brian T. Moriarty (BBO# 665995)
(Lead Counsel—*Pro Hac Vice*
 to be filed)
**Hamilton, Brook, Smith &**
 **Reynolds, P.C.**
530 Virginia Road
Concord, Massachusetts  01742
Telephone: (978) 341-0036

Fax:  (978) 341-0136
E-mail: brian.moriarty@hbsr.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2012, the foregoing DEFENDANT BULL HN INFORMATION SYSTEMS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ RM Ward
Robert M. Ward

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ RM Ward
Robert M. Ward

1208658.1