IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ACCELERON, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | 1:12-cv-00937-TCB |
| v. | ) | |
| | ) | |
| BULL HN INFORMATION SYSTEMS | ) | **JURY TRIAL DEMANDED** |
| INC., | ) | |
| | ) | |
| Defendant. | | |

## DEFENDANT'S INITIAL DISCLOSURES

(1)     If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Not applicable**

(2)     Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Not applicable**

(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**(a) Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed. Plaintiff has not identified which claims are allegedly infringed.**

**(b) Defendant does not and has not infringed, either literally or under the doctrine of equivalents, either directly, contributorily, by inducement, or jointly, any valid claim of the '021 Patent.**

**(c) One or more claims of the '021 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.**

**(d) One or more claims of the '021 Patent are invalid as being unpatentable under 35 U.S.C. § 102 and/or § 103 based on one or more of the following prior art references:**

**U.S. Patent No. 6,411,506 (Hipp et al.)**

**U.S. Patent No. 5,033,112 (Bowling et al.)**

**U.S. Patent No. 5,161,097 (Ikeda)**

**U.S. Patent No. 5,555,510 (Verseput et al.)**

**U.S. Patent No. 6,421,777 (Pierre-Louis et al.)**

**U.S. Patent No. 6,452,797 (Konstad)**

**U.S. Patent No. 6,535,944 (Johari et al.)**

**U.S. Patent No. 6,591,324 (Chen et al.)**

**U.S. Patent No. 6,742,068 (Gallagher et al.)**

**U.S. Patent No. 5,964,855 (Bass et al.)**

**U.S. Patent No. 6,041,375 (Bass et al.)**

**U.S. Patent No. 5,740,378 (Rehl et al.)**

**U.S. Patent No. 5,384,492 (Carlson et al.)**

**U.S. Patent No. 6,528,904 (Wong)**

**U.S. Patent No. 6,434,652 (Bailis et al.)**

**U.S. Patent No. 5,881,251 (Fung et al.)**

**U.S. Patent No. 5,793,987 (Quackenbush et al.)**

**U.S. Patent No. 5,938,751 (Tavallaei et al.)**

**"Dynamic runtime re-scheduling allowing multiple implementations of a task for platform-based designs" by Tin-Man Lee; Henkel, J.; Wolf, W. (abstract only).**

**"Redundant arrays of IDE drives" by Sanders, D.A.; Cremaldi, L.A.; Eschenburg, V; Lawrence, C.N.; Riley, C.; Summers, D.J Petravick, D..L. (abstract only).**

(e) One or more claims of the '021 Patent are invalid for failing to comply with the written description requirement of 35 U.S.C. § 112, ¶ 1.

(f) On information and belief, Plaintiff's claims and damages are barred, in whole or in part, by the Statute of Limitations.

(g) On information and belief, Plaintiff's claims are barred in whole or in part under the doctrine of laches, estoppel, waiver, and/or acquiescence.

(h) The doctrine of prosecution history estoppel precludes a finding of infringement, either directly, contributorily, by inducement, or jointly, for any claim of the '021 Patent.

(i) Plaintiff's claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

(j) On information and belief, Plaintiff is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

(k) Plaintiff is not entitled to injunctive relief because it fails to meet the legal requirements for such relief, and Plaintiff has an adequate remedy at law.

**(l) On information and belief, Plaintiff has granted licenses to the patent-in-suit to one or more third parties and/or otherwise authorized under the patent-in-suit the activity it now claims infringes the patent-in-suit, or has exhausted its patent remedies under 35 U.S.C. § 282.**

**(m) On information and belief, Plaintiff lacks a good faith, objective basis to believe each of the products it has previously identified as infringing the '021 Patent in fact infringe the '021 Patent and as such has engaged in unclean hands and bad faith litigation and the '021 Patent is unenforceable.**

**(n) Plaintiff's claims are barred, at least in part, by 28 U.S.C. § 1498.  To the extent that Plaintiff's claims relate to the sale to and/or use or manufacture by or for the United States government of the allegedly infringing products, Plaintiff's sole remedy is an action for damages filed in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.**

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**One or more claims of the '021 Patent are invalid because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to sections 101, 102, 103, and 112.**

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.   (Attach witness list to Initial Disclosures as Attachment A.)

**Russ Guenthner**

**Jim Ulrey**

**BULL HN INFORMATION SYSTEMS INC.**

**13430 NORTH BLACK CANYON HIGHWAY**

**PHOENIX ARIZONA 85029**

(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.   (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Defendant has not, at this time, identified expert witnesses.**

(7)     Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Documents in paper and/or electronic form that Defendant may use to support counterclaims and/or defenses are located at Defendant's offices in Chelmsford, Massachusetts and Phoenix, Arizona or on servers under control of Defendant.**

(8)     In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Defendant has requested relief that includes an order finding that this case is exceptional and awarding Defendant its reasonable attorney fees and costs pursuant to 35 U.S.C. § 285.**

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**At this time, Defendant is investigating whether some other person or legal entity is, in whole or in part, liable to Defendant in this matter. Defendant is investigating whether International Business Machines Corporation may be an Indemnitor.**

(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**On information and belief, no such insurance agreement is applicable.**

Respectfully submitted this 30th day of May 2012.

BULL HN INFORMATION SYSTEMS INC.

By their attorneys,

/s/ Robert M. Ward
Robert M. Ward
Georgia Bar No. 775401
**Dilworth IP, LLC**
3445 Stratford Road NE
Suite 2605
Atlanta, GA 30326
Telephone:  (404) 606-6480
Facsimile:  (203) 220-8497
E-mail:  *rward@dilworthip.com*

Of Counsel:

Brian T. Moriarty (BBO# 665995)
(Lead Counsel—*Pro Hac Vice*
 to be filed)
**Hamilton, Brook, Smith &
  Reynolds, P.C.**
530 Virginia Road
Concord, Massachusetts  01742
Telephone:  (978) 341-0036
Fax:  (978) 341-0136
E-mail: *brian.moriarty@hbsr.com*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2012, the foregoing DEFENDANT'S INITIAL DISCLOSURES filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ RM Ward
Robert M. Ward

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing has been prepared with Times New Roman, 14 point font.

/s/ RM Ward
Robert M. Ward

1217297.1